# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00317-CV

**Betty Ann Newby, Appellant**

**v.**

**Travis County, Texas; City of Borger; Larry Mullenix;
Barbara Hannon; and Joann Fitzgerald, Appellees**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT
## NO. GN201833, HONORABLE PATRICK O. KEEL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

On October 28, 2004, this Court dismissed appellant's cause for want of prosecution. On November 23, she filed a motion for rehearing asking to have the cause reinstated and reciting that she had been having difficulty arranging for the record with the trial court and court reporter. Based on a review of the record, we grant appellant's motion to have the cause reinstated.

In her notice of appeal, appellant states that she is appealing from an order granting a change of venue for the City of Borger and Larry Mullenix and dismissing her claims against certain defendants.[1] The claims against the City of Borger and Mullenix were severed into a separate cause of action, given trial court cause number GN201833, and transferred to Hutchinson County. Appellant's claims against the remaining defendants, including the defendants who were dismissed,

---

[1] In her notice of appeal, appellant states she is appealing from the dismissal of claims against Travis County, Jeanne Meurer, Margaret Cooper, and Joann Fitzgerald. However, the order from which she seeks to appeal did not dismiss Meurer and Cooper, but instead dismissed Travis County, Fitzgerald, and Barbara Hannon.

were assigned trial court cause number GN401552. A careful review of the record shows that, even after an August 26 dismissal of a number of defendants (referred to in the order as the "Borger Defendants") and a September 7 nonsuit of several other defendants, claims remain in cause GN401552 against Kenneth Coleman,[2] Sam Biscoe,[3] Jack Young, and Larry Foster.[4]

Therefore, the May 4 dismissal in cause GN401552 of appellant's claims against Travis County, Hannon, and Fitzgerald is not a final order from which appeal may be taken. *See Park Place Hosp. v. Estate of Milo*, 909 S.W.2d 508, 510 (Tex. 1995). Nor is the order transferring her claims against the City of Borger and Larry Mullenix, now severed into cause GN201833 in Hutchinson County, an order from which appeal may be taken. *See* Tex. Civ. Prac. & Rem. Code Ann. § 15.064 (West 2002) (no interlocutory appeal from venue decision). Thus, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3.

David Puryear, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Dismissed for Want of Jurisdiction

Filed: February 17, 2005

---

[2] Appellant referred to Coleman as a defendant in a September 29 motion to reinstate claims against certain defendants, but it is not clear whether she properly named him as a defendant.

[3] Biscoe is named as a defendant in the May 14 order. Again, it is not clear whether appellant properly named him as a defendant.

[4] We further note that it does not appear that claims against Matt Armstrong and Van Foster, which were transferred to Hutchinson County on August 26, were severed into a new cause separate from the claims remaining in Travis County.